State v. Branch.

No. 4438.

THE STATE v. JAMES BRANCH.

.Where a motion as to the disqualifications of a grand juror, which rested on questions of facts, was overruled, and no bill of exceptions taken;

Held—That the court could not look into the correctness of the ruling, not having jurisdiction of facts in criminal causes.

Where, before sentence was passed, a motion was made on behalf of the defendant in arrest of judgment, on the ground that the drawing ot the grand jury was illegal, as shown by the minutes of the court, and where, on the trial of said motion, the minutes were allowed to be corrected and a bill of exceptions taken thereto;

Held—That the minutes can at any time be corrected to make them correspond with the truth, and being under the eye of the judge, who by law takes part in the proceeding, no evidence is necessary.

APPEAL from the Fourteenth District Court, parish of Ouachita. *Kay*, J. Criminal case. District Attorney, for the State. *Richardson & McEnery*, for defendant and appellant.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly and Morgan.

HOWELL, J. The defendant, having been found guilty of shooting with the intent to commit murder, has appealed from a judgment sentencing him to imprisonment at hard labor in the State Penitentiary for the term of five years.

After verdict, a motion for a new trial was made, on the ground that the verdict was contrary to the law and the evidence, and afterwards, an amended motion, supported by defendant's affidavit, was made on the ground that "William Hamilton, one of the grand jurors, who constituted the grand jury which found and presented the indictment in this case against the defendant was not a duly qualified elector of the State of Louisiana at the time he was selected, impanneled, sworn and charged as a grand juror; that the said Hamilton was not twenty-one years of age at the date of his pretended registry, but a minor and was not a competent juror."

These motions were overruled, but no bill of exceptions was taken, and hence we can not look into the correctness of the ruling, not having jurisdiction of facts in criminal causes.

Before sentence was passed the defendant filed a motion in arrest of judgment on the ground "that the name of A. F. Flournoy, foreman of the grand jury, was drawn from the box with the other grand jurors, and not selected as required by law, and the drawing of the jury was therefore illegal, as shown by the minutes of the court."

From the bill of exceptions taken to the ruling of the judge on this motion, it appears that on the trial thereof the district attorney moved the court to correct the minutes of the court so as to show that the said "A. F. Flournoy was appointed foreman of the grand jury, whereupon the following fifteen grand jurors were drawn, and together with their foreman impanneled, sworn and charged by the court as the grand jury for this term." It was objected that this cor-

rection could not be made after the trial and without evidence. We think the judge did not err. The minutes can at any time be corrected, as was done, to make them correspond with the truth, and being under the eye of the judge, who by law takes part in the proceeding, no evidence is necessary.

Judgment affirmed.