(94 South. 385)

No. 25521.

## STATE v. CLARY et al.

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬤═394—Evidence not inadmissible, because proper search warrant not produced.**

On a trial for manufacturing intoxicating liquors, the admission of testimony as to what was found on defendant's premises without first producing a properly executed search warrant was not erroneous.

2. **Criminal law ⬤═763, 764(1), 1038(3) — Charge that facts found by evidence did not constitute crime charged properly refused; proper way to raise the question of law, based on facts, stated.**

A question of law based on the facts can only be presented to the Supreme Court by asking a charge that, if certain facts are found, then the law applicable thereto is as contended, and not by requesting the court to charge the facts, and a requested charge that the facts shown by the evidence did not constitute the crime charged was properly refused.

3. **Criminal law ⬤═1159(2) — Supreme Court cannot review sufficiency of evidence.**

Under Const. 1921, art. 7, § 10, where there was evidence to sustain the charge in a criminal case, the Supreme Court has no power to review its sufficiency.

4. **Criminal law ⬤═1156(2)—Motion for new trial, on ground that judgment contrary to law and evidence, addressed to trial court's discretion.**

A motion for a new trial on the ground that the judgment was contrary to the law and the evidence is addressed solely to the sound discretion of the trial court, and presents nothing for review by the Supreme Court.

Appeal from Second Judicial District Court, Parish of Webster; J. E. Reynolds, Judge.

Frank Clary and another were convicted of manufacturing intoxicating liquors for sale and for beverage purposes, and they appeal. Affirmed.

Drew & Drew, of Minden, for appellants.

A. V. Coco, Atty. Gen., and R. H. Lee, Dist. Atty., of Minden (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

DAWKINS, J. Defendant appeals from a conviction and sentence under a charge of manufacturing for sale and for beverage purposes intoxicating liquors, relying for reversal upon three bills of exception.

### Bill No. 1.

[1] The first bill was to the overruling of an objection to certain testimony as to what was found upon defendant's premises without first producing a properly executed search warrant. The exception is without merit. See State v. Fleckinger, 152 La. 337, 93 South. 115, and authorities therein cited.

### Bill No. 2.

[2, 3] Defendants asked the court to charge itself that "the facts shown by the evidence of all witnesses in the case does not constitute the crime of manufacturing intoxicating liquor for beverage purposes," which was denied, for the following reasons, as stated in the per curiam, to wit:

"Under the law the court could not charge himself as to what facts had or had not been proved, but could only charge as to what the law of the case is. The court charged himself that the charges asked for on the question of law were as stated by the attorney for the defendants."

We find no error in the ruling. This court is not concerned with the facts, and the only way that a question of law, based upon the facts, can be presented to us is, not by requesting the court to charge the facts, but by asking the court to charge itself, if the facts are found to be so and so, then the law applicable thereto is as contended. This was not done, and the court informs us that it did charge the law to be as contended by counsel, and this was all that could be re-

quired. Even if we were to review the case on the facts which are set out in the bill, there was evidence to sustain the charge, and we have no power to review its sufficiency. Const. 1921, art. 7, § 10.

### Bill No. 3.

[4] The last bill was to the overruling of a motion for new trial, based upon the contention that the judgment was contrary to the law and the evidence, and upon the grounds covered by the two preceding bills. The first presents nothing for us to review, being addressed solely to the sound discretion of the trial court, and the two latter points have already been disposed of adversely to appellant.

The conviction and sentence are therefore affirmed.

O'NIELL, J., absent from the state, takes no part in the decision of this case.