O'NIELL, J., being absent from the state, takes no part in the decision of this case.

---

(95 South. 417)

No. 25630.

### STATE v. BRAY.

(Jan. 27, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Jury ⊙⇒10—Provision disqualifying women unless they file declaration of desire to serve not unconstitutional.**

Const. 1921, art. 7, § 41, providing that no woman shall be drawn for jury service unless she shall have previously filed a declaration of her desire to be subject to such service, does not violate Const. U. S. Amend. 19, which applies only to the right to vote, and has no effect on any previous law on the subject of jury service.

2. **Jury ⊙⇒38—If constitutional provision not self-operative, women not qualified to serve.**

If, as claimed, Const. 1921, art. 7, § 41, requiring the Legislature to provide for the election and drawing of competent and intelligent jurors, and providing that no woman shall be drawn unless she shall have previously filed a declaration of her desire to be subject to such service, is not self-operative, and has not been put into effect, then, under Act No. 135 of 1898, § 1, and in the absence of any statute allowing women to serve on juries, women are not eligible, whether they have or have not filed such declaration of their desire to serve.

3. **Jury ⊙⇒39—Constitutional provision as to liability of women to jury service prevails over statute.**

In so far as Act No. 34 of 1921, p. 38, conferring on women the same rights, authority, privileges, and immunities, and subjecting them to the same obligations and duties, as men in the holding of office, applies to eligibility or liability for jury service, the discrimination made in Const. 1921, art. 7, § 41, providing that women shall not be drawn for jury service unless they file a written declaration of their desire to be subject to such service, must prevail.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Percy Saint, Judge.

Priscilla Bray was convicted of perjury, and she appeals. Affirmed.

James R. Parkerson, of Franklin, for appellant.

A. V. Coco, Atty. Gen., and Rene H. Himel, Dist. Atty., of Franklin (T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, C. J. The appellant, who is a colored woman, was convicted of the crime of perjury, and sentenced to imprisonment in the penitentiary. She relies upon only one bill of exception. It was taken to the overruling of a motion to quash the jury venire, on the ground that the jury commission had purposely omitted the names of women from the jury list, containing the 300 names of men subject to service on grand and petit juries. It appears from the testimony of the members of the jury commission, who testified on the trial of the motion to quash, that the reason why the names of women were omitted from the general venire list was that there was not a woman in the parish who had qualified for jury service in the manner required by the proviso in section 41 of article 7 of the Constitution of 1921, viz.:

"The Legislature shall provide for the election and drawing of competent and intelligent jurors for the trial of civil and criminal cases; provided, however, that no woman shall be

drawn for jury service unless she shall have previously filed with the clerk of the district court a written declaration of her desire to be subject to such service."

[1] It is contended on behalf of appellant that the proviso quoted, that a woman shall not be drawn for jury service unless she shall have filed with the clerk of court a written declaration of her desire to be subject to jury service, is a discrimination against the sex, and is violative of the Nineteenth Article of Amendment of the Constitution of the United States, viz.:

"The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any state on account of sex.
"Congress shall have power to enforce this article by appropriate legislation."

The Nineteenth Amendment, in terms, refers, not to the right to serve on juries, but only to the right to vote. For that reason this case would not present much difficulty were it not that the learned counsel for appellant cites the decision in Neal v. Delaware, 103 U. S. 370, 26 L. Ed. 567, which seems at first glance contrary to the ruling in the case before us. The decision in the case cited, however, interpreting the Fifteenth Amendment, seems appropriate to the case before us only because the phraseology of the Nineteenth Amendment is so similar to that of the Fifteenth Amendment. In fact, the two amendments are exactly alike in their language, except that in the Nineteenth Amendment, the word "sex" is substituted for the words in the Fifteenth Amendment, "race, color, or previous condition of servitude." The decision in Neal v. Delaware is interpreted by the learned counsel for appellant as maintaining that the Fifteenth Amendment, in forbidding a denial or an abridgment of the right of any citizen "to vote" on account of his race, color, or previous condition of servitude, also forbade a denial or an abridgment, for that cause, of the right of a citizen to serve on a jury. That interpretation of the decision would be quite accurate, perhaps, if the decision had been based only upon the Fifteenth Amendment. But it was based upon the fourth section of the Act of March 1, 1875 (18 Stat. 336 [U. S. Comp. St. § 3929]), enacted more in pursuance of the Fourteenth than of the Fifteenth Amendment, viz.:

"That no citizen possessing all other qualifications which are or may be prescribed by law shall be disqualified for service as grand or petit juror in any court of the United States, or of any state, on account of race, color, or previous condition of servitude," etc.

It was not disputed, in Neal v. Delaware, that, in view of the Fifteenth Amendment, the provision of the Fourteenth Amendment which forbade the making or enforcing of any law abridging the privileges or immunities of citizens of the United States, or denying to any person the equal protection of the laws, authorized the Congress to enact the statute of March 1, 1875, forbidding the states to disqualify a person for jury service on account of his race, color, or previous condition of servitude. We are not called upon to say now whether the Congress has authority to forbid the states to grant any exemption, or impose any restriction, upon women that would not be likewise applicable to men with regard to their eligibility or liability for jury service. It is sufficient to say that the Congress has not enacted any legislation on the subject of eligibility or liability of women for jury service since the Nineteenth Amendment was declared adopted, by certification of the Secretary of State, August 26, 1920. Although the Nineteenth Amendment did have the effect of nullifying every expression, in the Constitution and Laws of the state, denying or abridging the right of women, on account of their sex, to vote, the amendment did not have—for it does not purport to have—any effect what-

ever upon any previous law on the subject of liability or eligibility of citizens for jury service.

[2] It is argued on behalf of the appellant that the proviso in section 41 of article 7 of the Constitution of the state, declaring that a woman shall not be drawn for jury service who has not filed with the clerk of court a written declaration of her desire to be subject to jury service, is not self-operative, but needs legislation to give it effect. On the contrary, it appears to us that, if any part of section 41 of article 7 of the Constitution needs legislation to give it effect, it is the declaration, or rather the inference, that women who shall have filed with the clerk of court a declaration of their desire to be subject to jury service shall be eligible. We must bear in mind that, by section 1 of Act 135 of 1898, p. 216, only a "male resident of the parish" can be qualified for jury service. There is no statute of Louisiana declaring women eligible to serve on juries. A trial by jury, at common law, and as guaranteed by the Constitution, has been universally declared to mean a trial by a jury of men, not women, nor men and women. And, as we have said, the Nineteenth Amendment of the Constitution of the United States does not purport to have conferred upon women, as an attribute of the right of suffrage, the right to serve on juries. It requires legislation to do that. The appellant in this case, therefore, has nothing to gain by the argument that section 41 of article 7 of the Constitution of the state is not self-operative. If it is not self-operative, and has not been put into effect, women are not eligible, even though they may have filed with the clerk of court a written declaration of their desire, to serve on juries in the courts of this state.

[3] It is not necessary to decide now whether Act 34 of 1921, p. 38, has amended the jury law, section 1 of Act 135 of 1898, p. 216, so as to make women eligible for jury service. The act of 1921, in terms, only confers upon women the same rights, authority, privileges, and immunities that men possess, and subjects women to the same obligations and duties that men incur, "in the holding of office, including the civil functions of tutor, under tutor, administrator, executor, arbitrator, notary public, and member of family meeting." It is sufficient to say that, in so far as this abolishment of any and all discrimination between men and women might be construed as applying to their eligibility or liability for jury service, the discrimination made in section 41 of article 7 of the Constitution of 1921 must prevail. Act 34 of 1921 has not been referred to by either party to this appeal, from which we infer that the statute is not deemed applicable.

We have considered the proviso in section 41 of article 7 of the Constitution as if it discriminated against women. As a matter of fact, it is altogether favorable to the women, because it gives to each and every one of them the option of saying whether she shall be subject to jury service. It does, however, abridge the women's right to serve on juries, in that it requires them to do something that is not required of men to make them eligible for jury service.

Our opinion in this case is in accord with the opinion rendered by the Supreme Judicial Court of Massachusetts on the 14th of March, 1921, in Re Opinion of the Justices, 237 Mass. 591, 130 N. E. 685, and the opinion rendered by the Court of Errors and Appeals of New Jersey on the 20th of June, 1921, in State v. James, 96 N. J. Law, 132, 114 Atl. 553, 16 A. L. R. 1141.

The verdict and sentence appealed from are affirmed.