(95 South. 866)

No. 25774.

## STATE v. TERVALON.

(Feb. 26, 1923. Rehearing Denied April 2, 1923.)

*(Syllabus by Editorial Staff.)*

Criminal law ☞996(2)—**Minutes properly corrected when name of one juror omitted through mistake.**

Where minute clerk, in recording minutes, omitted name of one juror, and defendant moved in arrest of judgment, on ground that he was tried by four jurors, it was not only the right, but the duty, of the judge to correct the minutes, though summer vacation had intervened.

Appeal from Criminal District Court, Parish of Orleans; N. E. Humphrey, Judge.

Harry Tervalon was convicted of possessing stolen goods, knowing they were stolen, and he appeals. Affirmed.

Paul L. Fourchy, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., and Robert H. Marr, Dist. Atty., and F. B. Freeland, Asst. Dist. Atty., both of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, C. J. Appellant was convicted of the crime of having stolen goods in his possession, knowing that they were stolen. The trial of the case was by a jury of five. By accident the minute clerk, in recording the minutes of the proceedings, omitted the name of one of the jurors. Defendant's attorney therefore filed a motion in arrest of judgment, contending that the case had been tried by only four jurors. Before the motion was heard, the district attorney, in a proceeding by rule upon the defendant and his attorney, had the minutes corrected by inscribing the name of the juror whose name had been omitted, to show the fact that the case had been tried by five jurors.

Appellant contends that the district judge had no authority to correct the minutes, especially as the correction was not made until the court had adjourned for the summer vacation and had reconvened in the fall. It appears that a motion for a new trial was overruled on the 27th of May, 1922; but, for some reason that is not explained by the record, the sentence was not imposed before the court adjourned. At the beginning of the next term, before the sentence was imposed, defendant's counsel filed the motion in arrest of judgment, which brought out the error in the minutes of the court.

Our opinion is that it was not only the right, but the duty, of the judge to correct the minutes. The error was palpable, and the minute clerk explained how very likely it had happened. Even without his explanation, it would not be possible to believe that the case was actually tried by only four jurors. How could the judge, the district attorney, the clerk of court, the sheriff, and other officers of the court all overlook such a manifest error as the drawing of only four instead of five jurors for the trial of a case? That would be incredible, if not impossible. And there is no reason why a false record of such a blunder should not be corrected at any time by the order of the court having jurisdiction of the case. To hold otherwise would be to say that the administration of justice is dependent upon the inerrability of minute clerks.

The verdict and sentence are affirmed.