(95 South. 866.)

No. 25792.

### STATE v. CHANEY.

### In re CHANEY.

(April 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ☞400(2)—Transcript of testimony not admissible on new trial as primary evidence.**

    Transcript of testimony taken on a criminal trial would not be admissible as primary evidence upon a new trial.

2. **Criminal law ☞643—Notes of testimony held private property, and district attorney not entitled to transcript, or to filing as public record.**

    Where defendant employed official stenographer, who was also deputy clerk, to take testimony, the notes were private property of the stenographer and defendant, and district attorney was not entitled to transcript or to compel their transcription and filing as public record.

3. **Criminal law ☞667(2)—Law does not require reduction of testimony to writing.**

    The law does not require that testimony taken in criminal prosecutions shall be reduced to writing, though Act No. 113 of 1896 provides for taking of testimony which either party desires to attach to bill of exceptions by clerk or deputy clerk.

Criminal prosecution by the State against Dr. Bailey E. Chaney. A rule on the stenographer to show cause why he should not transcribe his stenographic notes and file the transcript was made absolute, and defendant applies for writs of certiorari and prohibition. Rule issued by the Supreme Court made peremptory, and order of the district court annulled.

H. K. Strickland and I. D. Wall, both of Baton Rouge, and J. H. Pugh, of Plaquemine, for relator.

O'NIELL, C. J. The relator was convicted of the crime of attempting to commit arson, by setting fire to a dwelling house. The ver-dict was annulled by the district judge on a motion in arrest of judgment, because, having been arraigned, defendant had withdrawn his plea of not guilty in order to file a motion to quash the indictment, and had not been rearraigned after his motion to quash was overruled. The judgment sustaining the motion in arrest was affirmed on appeal by the state. See State v. Chaney, 152 La. 347, 93 South. 119.

At the beginning of the trial in the district court, the defendant requested that the testimony in the case should be taken down by the court stenographer. The request was denied because no provision had been made for the payment of stenographer's fees in criminal cases. In denying the request, the judge suggested that the testimony could be taken down stenographically if the defendant would pay for the work; but the judge said that it would have to be done by the official stenographer. Thereupon the defendant bargained with the official stenographer to take down the testimony for stipulated wages per day, and to transcribe, at a stipulated price per page, such parts of the testimony as the defendant's attorneys might desire to attach to bills of exception, etc.

The stenographer took down all of the testimony, but transcribed and filed in court only such parts of it as the attorneys for defendant deemed necessary to be attached to bills of exception.

When the judgment annulling the verdict and granting a new trial was affirmed, the district attorney obtained a rule upon the stenographer to show cause why he should not transcribe his stenographic notes of all of the testimony and file the transcript in court. The attorneys for the defendant answered the rule, on behalf of the defendant and the stenographer, alleging that the stenographic notes were not official documents but were the private property of the defendant. The rule was made absolute,

ordering the stenographer to transcribe his notes and to file the transcript in court. The defendant, Dr. Bailey E. Chaney, has applied for writs of certiorari and prohibition to prevent execution of the order.

[1] It is virtually conceded, and is manifest, that the district attorney's object in attempting to obtain a transcript of the stenographer's notes is that he may be better prepared to prosecute the defendant. A transcript of the testimony taken on the original trial would not be admissible as primary evidence in another trial; but it would be useful perhaps for purposes of impeachment or to refresh the memory of the witnesses, etc.

[2, 3] Our opinion is that the stenographer's notes in this case are not matters of public record. They are the private property of the stenographer and his employer, the defendant in the case. The law does not require that the testimony taken in criminal prosecutions shall be reduced to writing. Act 113 of 1896 provides for taking down such testimony as either the state's attorney or the defendant's attorney may desire to attach to a bill of exceptions in event of an appeal. In such case, the testimony, or statement of the facts to be reviewed by the appellate court, is taken down by the clerk or a deputy clerk, under the direction of the judge.

Our conclusion is that the district attorney is not entitled to a transcript of the stenographer's notes in this case or to have the notes transcribed and filed as a public record. The fact that the stenographer who did the work is a deputy clerk of court is a matter of no importance. In his transaction with the defendant he acted in his individual capacity, not as an official.

The rule issued herein is now made peremptory, and the order of the district court, of date the 17th of January, 1923, directing the stenographer to file a transcript of his notes of the testimony taken on the original trial of this case, is annulled.