(104 So. 705)

No. 27133.

### STATE v. COLEMAN.

(April 27, 1925.  Rehearing Denied May 25, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⟨⟩254—**Trial court cannot be requested to charge itself as to facts of case.**

Request, that trial court charge itself as to facts of case, is properly refused.

2. **Criminal law** ⟨⟩254—**Trial judge not required to have clerk take down in writing fact on which special charge is based.**

Trial judge is not required to have clerk take down in writing facts on which special charge is based; proper procedure being to request court to charge itself that, if facts are found to be as stated, law applicable is as contended.

3. **Criminal law** ⟨⟩1134(3)—**Bill of exceptions to overruling of motion for new trial, on ground that verdict was contrary to law and evidence, presents no legal question for review.**

Bill of exceptions to overruling of motion for new trial, on ground that verdict was contrary to law and evidence, presents no question of law for Supreme Court to review.

4. **Criminal law** ⟨⟩959—**Motion to postpone trial on motion for new trial, so that state's testimony might be taken down and be attached to bill of exception, properly overruled.**

As defendant is not entitled to have state's testimony taken down by clerk, under Act No. 113 of 1896, on motion for new trial, motion to fix such motion for trial at future date, in order that such testimony might be taken down, was properly overruled.

5. **Courts** ⟨⟩116(4)—**Trial court may correct minutes after appeal.**

Trial court may correct its minutes at any time, even after appeal.

6. **Courts** ⟨⟩116(5) — **No evidence necessary for presiding judge knowing facts to correct minutes.**

No evidence is necessary to correct minutes, when done by presiding judge who knows facts.

7. **Criminal law** ⟨⟩1111(3) — **Trial judge's statement as to incorrectness of minute entry in per curiam to bill reserved accepted.**

In case of discrepancy in statement of trial judge and counsel for defendant as to correctness of minute entry, trial judge's statement in per curiam to bill reserved must be accepted.

8. **Indictment and information** ⟨⟩196(5) — **Failure of information to state that offense was second offense of manufacturing liquor held cured by introduction of former indictment and court minutes.**

Failure of information, alleging conviction for second offense, under Hood Act (Act No. 39 of 1921), to state that offense charged was second offense of manufacturing liquor *held* cured by introduction in evidence without objection of former indictment and court minutes showing former conviction and sentence for manufacturing liquor.

9. **Criminal law** ⟨⟩1202(7)—**Complaint that information did not allege that former conviction had become final, held without merit, in view of admission in defendant's brief.**

Complaint, that information did not allege that former conviction of manufacturing liquor had become final, *held* without merit, in view of admission in defendant's brief that defendant had a still several months before when convicted for first time.

**10. Criminal law ☞1202(7)—Defendant cannot complain of failure of information to allege finality of former conviction, where penalty imposed for second offense did not exceed that for first offense.**

Where penalty imposed for second offense of manufacturing intoxicating liquor did not exceed that for first offense, under Hood Act (Act No. 39 of 1921), defendant could not complain that information did not allege that former conviction had become final.

O'Niell, C. J., dissenting.

Appeal from Ninth Judicial District Court, Parish of Grant; L. L. Hooe and R. C. Culpepper, Judges.

John Coleman was convicted of manufacturing intoxicating liquor, and he appeals. Affirmed.

Clair H. McCain, of Colfax, and John A. & R. P. Williams, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria, and Percy T. Ogden, Asst. Atty. Gen. (J. Bernard Cocke, of New Orleans, of counsel), for the State.

LAND, J. Defendant appeals from a conviction and sentence for manufacturing intoxicating liquor for beverage purposes.

### Bill of Exception No. 1.

[1] Counsel for defendant complains that the trial judge refused to charge himself "that there could be no conviction under the indictment where there was no evidence or proof of the manufacture of liquor, and that under the facts in this case there was no such proof."

The ruling was correct, as the trial court cannot be requested to charge itself as to the facts of the case. State v. Clary, 152 La. 757, 94 So. 385.

[2] In connection with the special charge, and as a statement of facts to be annexed to the bill reserved to the refusal of the court to accept said charge, counsel for defendant requested the court to take down in writing the evidence offered by the state.

We know of no law that requires a trial judge to have the clerk take down in writing the facts upon which a special charge is based.

The proper procedure in such cases, as stated in the Clary Case, is to request the court to charge itself, if the facts are found to be so and so, then the law applicable thereto is as contended.

### Bill of Exception No. 2.

[3] This bill was reserved to the overruling of a motion for a new trial on the ground that the verdict was contrary to the law and the evidence, and presents no question of law for us to review.

### Bills of Exception Nos. 3 and 4.

[4] The original minutes show that defendant's counsel, on February 14th, filed a motion for a new trial, and requested the court to fix said motion for trial at some future date, in order that the testimony of the state might be taken down for the purpose of attaching same to the bill of exception filed; that the court refused to set down the motion; and that said motion was then and there taken up, tried, and overruled.

The judge a quo, however, in his per curiam to bills Nos. 3 and 4, states that the case was tried on January 30th, the last day of the term of court, and that, as counsel for the accused asked for a postponement of the sentence to file a motion for a new trial, his request was granted.

The judge a quo further states in his per curiam that, a few days prior to February 14th, he advised counsel for defendant that he would go to Colfax to try his motion; that on said date counsel for defendant appeared in court and presented his motion for a new trial, and requested that the trial be continued to some future day, so that he might have the testimony of the state's witnesses reduced to writing and attached to his bill of exception; that this request was

refused, exception taken to the ruling of the court; and that the motion for a new trial was then tried and overruled.

On February 28th, the judge a quo, of his own motion, but contradictorily with the accused, caused the minutes of February 14th to be corrected so as to conform to the true facts, the court at the time being in special session.

The judge a quo states that the minutes of February 14th had not been approved by him prior to February 28th; that he was unaware of their incorrectness, until his attention was called to that fact by bill No. 3 being presented to him, when he took immediate steps to correct the minutes.

As defendant was not entitled to have the testimony of the state taken down by the clerk, under Act 113 of 1896, on the motion for new trial, and as this was the sole purpose of the motion, the same was properly overruled by the trial judge. State v. Chaney, 153 La. 373, 95 So. 417; State v. Lowry, 153 La. 180, 95 So. 596; State v. Craft, 118 La. 125, 42 So. 718.

[5] The right of a trial court to correct its minutes at any time, and even after appeal, has been repeatedly recognized by this court. State v. Perry, 51 La. Ann. 1076, 25 So. 944; State v. Howard, 34 La. Ann. 369; State v. Revells, 31 La. Ann. 387; State v. Smith, 31 La. Ann. 406.

[6] No evidence is necessary to correct minutes, when made by the presiding judge, who knows the facts. State v. Branch, 25 La. Ann. 115.

[7] The certificate of the clerk appearing in the record merely states that the minute entry of February 14th was dictated to him by counsel for defendant in open court, and that he asked counsel if this was a correct minute of what had transpired, and that counsel stated to him that it was.

So, in the final analysis, the case presented is one of discrepancy in statement between the trial judge and counsel for defendant, and, under well-settled jurisprudence, we must accept the statement made by the trial judge in his per curiam to the bill reserved.

## Assignment of Errors.

[8] Counsel for defendant assigns as error that the information filed in this case, charging defendant with the manufacture of intoxicating liquors for beverage purposes, alleges merely the conviction of the defendant for a second offense, under the Hood Act (Act 39 of 1921), without stating that this is the second offense for manufacturing liquor, i. e., for a similar violation of the statute.

The former indictment and minutes of the court show upon their face that defendant had been convicted for manufacturing liquor, and sentenced to pay a fine of $100, and to serve 60 days in jail, and to additional imprisonment for 4 months, in default of payment of the fine.

As defendant's counsel did not object to this offer in evidence of the first indictment, conviction, and sentence, the doctrine of aider by verdict must apply to the case, as the evidence cured the defect complained of by counsel.

[9, 10] The further complaint by defendant's counsel that the information neither alleges nor claims that the former conviction has become final is without merit, in the face of the statement in counsel's brief:

"He (defendant) freely admitted that he had had a still several months ago, when he was convicted the first time, at which time he paid the penalty for his violation of the law." Defendant's brief, p. 6.

In addition to this, the penalty imposed for the second offense did not exceed the limit for the first offense under the Hood Act, to wit, "a fine of $500 and 60 days, and in default of payment of fine, 6 months in the parish jail." Tr. p. 22.

The conviction and sentence appealed from are therefore affirmed.

O'NIELL, C. J., dissents, and hands down reasons.

O'NIELL, C. J. (dissenting). I approve the ruling of the district judge, rejecting the special charge quoted in bill of exceptions No. 1. The first part of the proposed charge was a correct statement of the law, and it should have been given if it had ended there, but it was spoiled by the addition of a statement of the facts of the case or supposed facts.

I do not concur in the ruling that a defendant in a criminal case has no right to have the testimony taken down stenographically, under the provisions of the Act 113 of 1896, in order to make his bills of exception effective. In New Orleans, in every criminal prosecution, all of the testimony is taken down stenographically, and it is transcribed and made a part of the record or transcript of appeal in every case that comes to this court. That method of trying criminal cases is a great protection to the defendant, because, in the very nature of things, the issues which are contested on appeal are between the defendant and the district judge, as to whether the latter's rulings were right or wrong; and the question of correctness of the judge's rulings depends, very often, upon what the evidence was, or whether there was any evidence offered, on some particular phase of the case.

It will virtually do away with the Act 113 of 1896, as far as criminal trials in the country parishes go, if we maintain that a district judge may, according to his own whim, either allow or not allow the evidence to be taken down stenographically. There is no reason why one rule should prevail in New Orleans, in that respect, and another rule—or no rule—prevail in the country parishes, or why the right which is vouchsafed in one judicial district may be denied in another.

The rulings in State v. Lowry, 153 La. 180, 95 So. 596, and State v. Chaney, 153 La. 371, 95 So. 417, cited by Justice LAND, do not sustain the proposition that a defendant in a criminal prosecution is not entitled to have the evidence taken down stenographically. On the contrary, both of those decisions recognize and affirm the right of the defendant in a criminal prosecution to have the evidence taken down stenographically, provided he makes provision for the stenographer's pay. The trouble about the matter, as observed in both of those cases, has been that the district judges have not found any provision in the law for paying stenographers' fees in criminal cases, outside of New Orleans. In State v. Craft, 118 La. 125,[1] (cited by Justice LAND), the request was, not that all of the evidence should be taken down stenographically, but only that the testimony of the eyewitnesses to the homicide should be so taken down, to show that the deceased had been the aggressor in the fatal difficulty, in anticipation of an objection being made by the district attorney to the introduction of evidence of previous threats made by the deceased. I think that the ruling in that case, refusing to have the testimony of the eyewitnesses taken down by the stenographer in anticipation of a ruling on the admissibility of evidence of previous threats, was wrong; but the ruling, if right, would not be authority for a refusal to have all of the testimony in a criminal prosecution taken down by the court stenographer, when the defendant is willing to pay the fee.

[1] 42 So. 718.