OVERTON, J.
 

 Defendant was convicted of the burglary of a garage in the nighttime. The ease was before us a few months ago. On that appeal the verdict of the jury was not set aside, but the sentence of the court was, due to the failure of the minutes of court, as disclosed by the transcript of appeal, to show a compliance with certain requisites of law. The court, not knowing whether these requirements had been complied with, set aside the sentence, and remanded the case, to have it ascertained, contradictorily with the accused, whether the grand jury had been duly impaneled, and had returned the indictment in open court, and whether the accused was personally present at every stage of the trial, including the imposing of sentence, and if the trial court found that the grand jury had been duly impaneled, and had returned the indictment in open court, and that the accused was personally present at each stage of the proceedings, then for the resentencing of the accused, otherwise for the granting of a new trial. State v. Johnson, 171 Da. 95, 129 So. 684.
 

 The trial court proceeded to ascertain, contradictorily with the accused, whether the foregoing requirements had been complied with, and, finding that they had, corrected the minutes accordingly, and then reimposed sentence. It is from this sentence that the accused now appeals.
 

 It appears that, on the trial of the proceeding to correct the minutes, the state placed the clerk of court on the witness stand to establish the foregoing facts. During the course of the examination of this witness, the defendant objected to the offering of parol evidence to correct or enlarge the minutes.
 

 The objection is not well founded. The minutes of court may be corrected, at any time, to reflect the truth. Hickman v. Enterprise Lumber Co., 159 Da. 280, 105 So. 343; State v. Coleman, 158 La. 755, 104 So. 705; State v. White, 156 La. 770, 101 So. 136; State v. Tervalon, 153 La. 369, 95 So. 866. On the trial of the proceeding to correct the minutes, it may be necessary, as is obvious, to hear parol evidence, and such evidence is clearly admissible for such purpose. The objection was properly overruled.
 

 The remaining bill of exception was taken to the overruling of a motion for a new trial of the proceeding to correct. This motion is based on grounds relating to the prematurity of the filing of the motion to correct the minutes, in that the judgment of this court, remanding the case, had not become final, when the proceeding was begun; to the alleged failure to give proper notice to defendant or his counsel that the proceeding to correct would be taken up for trial; to the alleged
 
 *595
 
 failure t,o notify counsel for the defendant of the intention to fix the proceeding for hearing ; and to the sufficiency of the evidence to justify the correction of the minutes.
 

 The evidence was amply sufficient to justify the correction of the minutes. As to the rest, it suffices to observe that the judgment of this court was final yrhen the hearing was had; the defendant and his counsel were present at the hearing; and interposed no objection to the hearing of the proceeding at that time, that is to say, to the hearing on September 23, 1930. It was therefore manifestly too late to raise such objections, if they were ever meritorious, for the first time, in a motion for a new trial. There was no error in overruling the motion.
 

 Eor these reasons, the judgment, appealed from, is affirmed.