*169
 
 PONDER, Justice.
 

 The appellee moved to dismiss the appeal on the ground that the transcript is incomplete. The minutes of the court of March 17, 1937, through the error of the deputy clerk of court was omitted end not included in the transcript. Article 552 of the Code of Criminal Procedure makes it the duty of the clerk of the district court, in criminal cases, to prepare and transmit the transcript to the clerk of this court. The error and omission complained of -is not imputable to appellant. However, were the error imputable to the appellant under the provisions of Act No. 234 of 1932, this court would not be warranted in dismissing the appeal without permitting the appellant to complete the transcript under the provisions of the act. In criminal cases the appellant would not have to avail himself of thq provisions of Act No. 234 of 1932, since it is the. duty of the clerk of court to prepare and file the transcript, and any error in the transcript could not be imputed to the appellant. As it now stands the remedy is for the court to cause to be filed the omitted portion of the transcript as a supplemental transcript.
 

 The appellant moved the court to remand this case for the correction of the record. The error complained of was to that part of the court’s per curiam on bill of exception No. 3, wherein the court stated: “There was no bill of exception reserved by counsel for the defendant to the ruling of the court in sustaining the objection involved in this bill as will be shown by reference to the notes of evidence, pg. .6, and I sign for the sole purpose of showing the facts.” Counsel for the appellant contends that the case should be remanded in order that testimony might be taken to show that the judge was in error in stating that no bill of exception was reserved and that the notes of evidence were in error in not showing that the bill was reserved. In the case of State v. Coleman, 158 La. 755, 104 So. 705 this court laid down the doctrine that when there is a discrepancy in the statement between the trial judge and counsel for a defendant, the statement made by the trial judge in his per curiam to a bill reserved, under the well-settled jurisprudence, must be accepted. However, the court in its per curiam stated that later in the trial the appellant, defendant, was permitted to introduce evidence to the same effect after the proper foundation had been laid. In the first place it is well settled that the statement of the judge in his per curiam would govern, and, in the second place, whatever injury the defendant might have suffered by the rejection of the evidence was cured when the court later in th'e trial permitted the evidence to be introduced.
 

 During the course of the trial the defendant’s counsel reserved six bills of exceptions.
 

 Bill of exception No. 1 was reserved to the court’s overruling the defendant’s motion to quash the indictment on the grounds that the indictment did not charge any crime under the law, and did not contain the essential allegations to constitute the crime of murder.
 

 
 *171
 
 Bill of exception No. 2 was reserved to the court’s overruling defendant’s objection' to any testimony under the charge as Contained in the indictment.
 

 Bills of exceptions Nos. 1 and 2 cover the same subject-matter. The part of the indictment pertinent to this decision charged that Andrew Matthews did then and there murder Ronald Woodard. The defendant contends that it is essential to charge that the defendant acted willfully, unlawfully, feloniously, and with malice ^.forethought in a charge of murder. Article 235 of the Code of Criminal Procedure provides specifically for this form of indictment, viz.: “A. B. murdered C. D." This Court has passed on this form of indictment several times 'and held that it was sufficient. Two of the most recent cases are State v. Eisenhardt, 185 La. 308, 169 So. 417 and State v. Capaci, 179 La. 462, 154 So. 419.
 

 We have discussed the subject-matter contained in defendant’s purported bill' of exception No. 3 in passing on the defendant’s motion to remand. The court states in its per curiam that the counsel for the defendant did not reserve a bill of exception to the ruling of the court.
 

 Bill of exception No. 4 was reserved to the court’s overruling defendant’s objection to a question propounded by the district attorney to Prentis Oakley, a deputy sheriff called as a witness for the state, viz.: “Q. Did at the time you arrested him, Mr. Andrew Matthews, whether or not, he made any admissions or denials.” Defendant’s counsel objected to this evidence on the ground that it w.as not contained in the opening, statement of the district attorney. The defendant further objected on the ground that the statement was not free and voluntary, and asked permission to cross-examine the witness, which the court permitted. The defendant’s counsel then renewed the objection which was overruled by the court. The court in its per curiam states that the district attorney in his opening statement stated that he expected to prove admissions and. denials on the part of the defendant; see notes- of evidence, bottom of page 3. The court also states in its per curiam that the proper foundation for the testimony was laid .before the witness was permitted to testify. The defendant’s counsel does not discuss this bill in his brief or cite any authorities to support his .contention.
 

 Defendant’s bill of exception No. 5 was reserved to the court’s overruling the defendant’s objection to a question propounded to a witness called in rebuttal by the state, viz.:
 

 “Q.
 
 Do you know Mr. Ronald Woodard’s general reputation in the community in which he lived? A. Yes.
 

 “Q. Is it good or bad?”
 

 The defendant contends that the- proper basis had not been laid for the introduction of this testimony. The court in its per curiam stated that, the defendant was permitted to show' the dangerous character, quarrelsome disposition, and previous difficulty of the deceased, and that this testimony was strictly in rebuttal and offered
 
 *173
 
 to show the good character and peaceable disposition of the deceased. The defendant’s counsel does not urge this bill of exception in his brief, and cites no authorities in support of his contention. However, we see no merit in the bill.
 

 Bill of exception No. 6 was taken to the cpurt’s overruling a motion for a new trial. The motion for a new trial is based on the subject-matter contained in the defendant’s bills of exceptions Nos. 1 to 6, inclusive, and on the further'ground that the verdict is contrary to the law and evidence. There being no merit to the defendant’s bills of exceptions Nos. 1 to 6, inclusive, the court properly overruled the motion for a new trial.
 

 The defendant’s counsel filed an assignment of errors in this courtl' It is alleged in paragraph one, viz.:
 

 “Although the record shows the empanel-ling of the Grand Jury on March 15, 1937, the minutes of the Court duly certified by the Clerk do not show that the bill' of indictment was ever filed in open court under any report of the Grand Jury as required by law, and according to the minutes of the Court and the certificate of the Clerk; the bill of indictment was never filed in open court, or otherwise, as provided by law.”
 

 On the day this case was set for argument in this court, the district attorney filed a motion to complete the original transcript by filing a supplement thereto, showing the minutes of the court of March 17, ■1937. Attached to this motion was a certificate of the deputy clerk of court certifying -that through error he had omitted to inr ’corporate the minutes of March 17, 1937, in the original., transcript. There was also attached to this motion a certified copy of the minutes of the court of .March 17, 1937, showing that the grand jury returned -the bill of indictment in. open court and that the bill of indictment was filed, .in open court. The defendant’s counsel contends that since the original transcript' does not show that any bill of indictment was returned by the grand júr'y and that the bill of indictment was not'filed in'open court that he may at any time call the attention of the court to any apparent error oh the face of the record, without making a formal assignment, under the provisions .of article 560 of the Code of Criminal Procedure. Article 556 of the Code of Criminal Procedure provides:
 

 “To sustain any appeal the record and the certificate of the officer whose duty it is to make up the transcript shall be complete.” ’
 

 We can see no purpose gained by delaying this case in order to have the minutes of March 17, 1937, incorporated- in the record, since the certified copy of the minutes of that date, the verity and correctness of which is not disputed, was presented to this court by the district attorney at the date of argument. As the matter now stands the record is complete. Under the completed, record there is no merit to defendant’s contention.
 

 It is alleged in paragraph 2 of the assignment of errors,, viz.:
 

 
 *175
 
 “The refusal of the Court to sustain the objections to the testimony of Prentis Oakley, Deputy Sheriff, and the allowance by the Court of the State to show denials of the defendant before the defendant had been sworn as a witness, thereby impeaching the defendant before he was sworn as a witness, in this way forcing him to testify against himself.”
 

 This is the same subject-matter that is covered in defendant’s bill of exception No. 4. The defendant’s counsel does not in his brief discuss the error complained of or cite any authorities in support of his contention. We see no merit to this contention.
 

 It is alleged in paragraph 3 of the assignment of- errors, viz.:
 

 “In refusing, after the basis had been laid by showing an overt act and hostile demonstration on the part of the deceased, immediately preceding the homicide, by a state witness, to permit the defendant to show bad character, previous difficulties, quarrelsome disposition and readiness to fight, on cross-examination of this same state witness.”
 

 It is to be noted that this is the same contention that is raised in bill of exception No. 3. This contention was disposed of in our determination of bill of exception No. 3.
 

 For the reasons assigned, the verdict and sentence are affirmed.
 

 HIGGINS, J., absent.