53 So.2d 906

**STATE v. DELATTE.**

No. 40273.

May 28, 1951.

Rehearing Denied June 29, 1951.

Sam J. D'Amico, Baton Rouge, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Fred S. LeBlanc, Dist. Atty., Sargent Pitcher, Jr., 1st Asst. Dist. Atty., Baton Rouge, for appellee.

FOURNET, Chief Justice.

The appellant, Albert Delatte, having abandoned the other bills reserved during the course of his trial and conviction on a charge by information with the theft of five head of cattle, is relying on Bill of Exception No. 5, wherein he contends that the

Assistant District Attorney made remarks which had the effect of commenting upon the defendant's failure to take the witness stand.

According to the defendant's bill, " * * the Assistant District Attorney in his closing argument to the jury made the following remark with reference to the defendant, 'He cannot explain where he got a single one of these cattle from.' Which remark was objected to by the counsel for the defendant on the grounds that said remark was a comment upon the defendant's failure to take the witness stand. That after said remark was made counsel for defendant excepted thereto, whereupon Mr. Pitcher, the Assistant District Attorney, stated he had made the following remark: 'He can't explain by a single witness that has taken the witness stand where he got those cattle from.' This remark was not made until after the objection had been made but further in explanation of this statement, Mr. Pitcher further stated: 'If your Honor please I would like to state the remark I made was that it had not been explained or he had not explained where the cattle came from that these checks represented the sale of by a single witness on the witness stand.' Whereupon the Court admonished the jury as follows: 'At this point, as I told you on your voir dire, no man charged with crime is compelled to take the witness stand in his own behalf, and his failure to take the witness stand shall not be construed against him. If, therefore, the remarks of the Dis-

trict Attorney can be construed as a reference to his failure to take the witness stand you should disregard the remark entirely. * * *.'"

The trial judge in his per curiam to this bill states that: "As will be shown by the notes of the stenographer, the Assistant District Attorney, while arguing this case to the jury, made the statement, 'He can't explain by a single witness that has taken the witness stand where he got those cattle from.' Counsel for the accused, as will be shown by the stenographer's notes, stated that the Assistant District Attorney had said, 'He cannot explain where he got a single one of these cattle from,' and that the Assistant District Attorney then paused, whereupon he, counsel for defendant, objected for the reason that this statement was a reference to the failure of the accused to take the witness stand. It is true that counsel did object to the statement made by the District Attorney, but according to the record that statement was, not as quoted by counsel for defendant, but *'He can't explain by a single witness that has taken the witness stand where he got those cattle from.'* Later on, the District Attorney, addressing the Court, said: 'If your Honor please I would like to state that the remark I made was that it had not been explained or he had not explained where the cattle came from that these checks represented the sale of *by a single witness on the witness stand.'*

"As will be further shown by the stenog-·rapher's notes, the Court at this point told the jury that if the remarks of the District Attorney could be construed as a reference to the failure of the accused to take the witness stand the jury should disregard the remark entirely.

"Aside from the notes of the court stenographer, it is my impression that the statement made by the Assistant District Attorney to which objection was made was, 'He can't explain by a single witness that has taken the witness stand where he got those cattle from.' *It is my opinion this was not a reference to the failure of the accused to take the witness stand* but merely to the failure on the part of the witnesses who actually testified in his behalf to furnish any evidence to show where the cattle he is alleged to have stolen and the cattle which he had previously disposed of were obtained.

"The deputy clerk of court was not requested by counsel for the defendant to take the entire argument of either the District Attorney or of his assistant, Mr. Pitcher. She therefore began the notes hereto attached after counsel first made an objection, and at this point the Court required counsel to state what remark the Assistant District Attorney had made to which he objected. Whereupon the clerk began the taking of the notes hereto attached.

"The Court's recollection of the matter is that counsel for defendant made his ob-jection before the District Attorney had completed his remarks but while he had paused in the middle of a sentence. The uncompleted remark perhaps would have been a reference to the failure of the accused to take the witness stand. However, after the pause of the Assistant District Attorney and the remark was completed, it was evident that the District Attorney was referring not to the failure of the accused to take the witness stand but to the failure of the witnesses sworn in the case to explain the origin of the cattle which were hauled to the stockyards. One of the witnesses who had been sworn was the accused, Albert Jones, who was jointly indicted and jointly tried with the accused, Delatte.  * *  * "

▆▆ It is well settled that in all cases where there is any dispute as to what has or has not been said in a criminal case, in the absence of a transcript of testimony, the per curiam of the trial judge must prevail. State v. Guin, 212 La. 475, 32 So.2d 895; State v. Kaufman, 211 La. 517, 30 So. 2d 337; State v. Tullos, 190 La. 184, 182 So. 321; State v. Matthews, 189 La. 166, 179 So. 69; State v. Coleman, 158 La. 755, 104 So. 705. However, counsel for the defendant argues strenuously that the trial judge, by signing the bill, has approved the statements in the bill as correct; and since, in his per curiam, he gave only his impression and not a direct statement as to what took place, the approved statement in the bill will prevail. Counsel has not cited any au-

thority in support of this argument. In any event, our appreciation of the trial judge's per curiam does not support counsel's contention.

For the reasons assigned, the conviction and sentence are affirmed.