106 So.2d 450

**CITY OF MONROE**

**v.**

**Joseph SHARPE.**

**No. 44075.**

Nov. 10, 1958.

James Sharp, Jr., Monroe, for defendant-appellant.

1. Article 1, Sec. 9 of the Constitution, 1921, LSA. " * * * The accused in every instance shall have the right to be confronted with the witnesses against

Haynes L. Harkey, Jr., City Atty., William F. Pipes, Jr., Asst. City Atty., Monroe, for appellee.

SIMON, Justice.

The defendant was tried and convicted in the city court of Monroe, Louisiana, for the theft of merchandise valued at $19.95 and sentenced to pay a fine of $500, and in default thereof to serve nine months in the city jail. From the judgment of conviction and sentence he appeals.

Only one bill of exception was reserved and that is to the overruling of a motion for a new trial filed by the defendant. Though the motion and bill allege several errors directed at the weight and sufficiency of the evidence and to the credibility of a witness for the prosecution, counsel for the defendant, in oral argument and in his brief, has abandoned these complaints and relies on the alleged violation of his right to be confronted by the witnesses for the prosecution as constitutionally guaranteed,[1] and secondly, on the contention that the verdict rendered is contrary to the law and the evidence.

It appears that the defendant, after being charged with the violation of Municipal Ordinance No. 3197 of the City of Monroe for the crime of theft, was arraigned and

him; he shall have the right to defend himself, to have the assistance of counsel, and to have compulsory process for obtaining witnesses in his favor. * * *"

entered a plea of not guilty. At his arraignment and during the entire trial the defendant was represented by counsel of his selection. It is significant that no bills of exception were reserved by counsel for the defendant during any stage of the trial. It also appears that after being adjudged guilty as charged and on the date fixed for the imposition of sentence the defendant, having dismissed his original counsel, was accompanied by new counsel who thereupon filed a motion for a new trial. This motion, after due hearing, was overruled and sentence imposed.

In his per curiam the city judge reviews at length the course of the trial, and further states that upon announcing his readiness for trial counsel for the defendant was seated at the bar and his client seated in the rear of the courtroom; that the first witness on being asked, at the start of his testimony, to identify the defendant, pointed to him, whereupon the trial judge interrupted the proceedings, had the defendant come forward, sit near his counsel and the trial proceeded with. No complaint was made or bill of exception taken to this incident, the trial having just begun; and during this preliminary stage the defendant was present in the courtroom and well within the hearing of everything being said. It is obvious that at the beginning of the trial defendant's counsel concluded that there was no reason or necessity to have his client seated beside him, just so long as the defendant was present in court within hearing and in full observation of the proceedings. This fact is made manifest in that upon the defendant being called from the rear of the courtroom to occupy a seat at the bar no complaint or objection was made as is now being urged.

The right of an accused to be confronted by the witnesses against him is a constitutional guarantee intended and designed to afford protection to a defendant—to guarantee him against the testimony of witnesses whom he had no opportunity to cross-examine and whom, perchance, he had never known or seen. It is a privilege granted him, but a privilege in his favor, which may be waived either by the accused himself or by his counsel in his presence. State v. McNeil, 33 La.Ann. 1332; State v. Hutchinson, 163 La. 146, 111 So. 656; and State v. Augusta, 199 La. 896, 7 So.2d 177.

It is further well settled that giving due recognition to the right of the accused to be confronted with the witnesses against him and to be present at every important stage of the trial, his failure, as is the case here, to make timely objection and to reserve a bill in case of an adverse ruling will be considered as a waiver. See authorities cited above.

In the instant case defendant does not contend that he was absent at any stage of his trial. On the other hand, the minutes of court affirmatively show that the defendant was at all times present in the courtroom and represented by counsel.

■ We are not aware of any law which requires that a defendant must at all times be seated directly beside his counsel in the absence of any request therefor and, more so, when there exists nothing to prevent him from so doing. The statement of counsel that colored persons are not permitted or encouraged to be seated in the front of the courtroom beside his counsel is a gratuitous assumption, and the record contains no evidence or intimation to support the truth thereof. Rather, the record shows that the city judge was most alert and conscious of orderly process when he ordered the defendant to sit beside his counsel at the very outset of the trial, remaining there until verdict was rendered.

■ We observe that the record does not contain a transcript of the evidence, none having been requested or made (this being a minor misdemeanor before city courts), and it is well settled that in the absence of a transcript of evidence the per curiam of the trial judge and the minutes of the court must prevail. State v. Coleman, 158 La. 755, 104 So. 705; State v. Matthews, 189 La. 166, 179 So. 69; State v. Tullos, 190 La. 184, 182 So. 321; State v. Kaufman, 211 La. 517, 30 So.2d 337; State v. Guin, 212 La. 475, 32 So.2d 895; and State v. Delatte, 219 La. 715, 53 So.2d 906.

■ We have many times said that a bill taken to the overruling of the motion for a new trial on the ground that the verdict is contrary to the law and the evidence presents nothing for our review. We are therefore unable to consider any complaints as to the weight and sufficiency of the evidence presented to the city judge there being no transcript thereof, none made a part of the record, and therefore presenting no question of law for review. State v. Laborde, 214 La. 644, 38 So.2d 371; State v. D'Ingianni, 217 La. 945, 47 So.2d 731; and State v. Woods, 220 La. 1059, 58 So.2d 338. Furthermore, a cursory examination of the record fails to disclose any error patent on its face as would justify a reversal of the verdict.

The conviction and sentence are affirmed.