## S. E. ELLIS et al. v. STATE.

No. A-5446.    Opinion Filed April 5, 1926.
(244 Pac. 831.)

H. B. Martin, for plaintiffs in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. Appellants, Ellis and Button, were jointly charged, tried, and convicted of unlawful possession of intoxicating liquor, and in accordance with the verdict of the jury were each sentenced to pay a fine of $250 and be confined in the county jail for three months. To reverse the judgments they appeal.

The errors assigned question the sufficiency of the evidence to sustain conviction and that the court erred in overruling their motion to suppress the evidence obtained by unlawful search of their premises, made in violation of the constitutional rights of the defendants.

The undisputed facts are: Officers of the raiding squad searched the premises occupied by the defendants in the business of repairing radiators, and found and seized two boxes containing whisky.

Before the commencement of the trial defendants filed a motion to suppress all the evidence upon which the information is based, on the ground that the same was illegally obtained by searching their place of business without a search warrant; that there is no other evidence. In support of the motion Raymond Hoagland testified that, as clerk of the municipal criminal court, he is custodian of the records; that he made a search of the records to ascertain whether or not there is any record of the issuance, service, or return of a search warrant in this case, and has been unable to find any such record; that sometimes offi-

cers secure search warrants without affidavit. The court overruled the motion.

On the trial the same objections were made and exceptions taken to rulings of the court in the admission of the evidence.

Ned Gritts testified that he was the captain of the raiding squad, and remembers when Frank Jones, Lipscomb, Capps, and Lowe, brought in and made return of the search warrant (defendants' objection that, if there was a search warrant and return made thereon, the return itself is the best evidence, being overruled); that he made the affidavit and issued the search warrant in this case last year, but was not sure whether the affidavit was made before Judge Warren or not; that he did not participate in the raid, but did make the return and had Frank Jones sign it.

B. C. Lipscomb testified that he was a police officer of the city of Tulsa; that with Jones, Capps, and Lowe he searched their place of business and arrested the defendants; that he received a search warrant from Capt. Gritts and turned it over to Mr. Jones, and told him it was a search warrant for these premises; that he did not sign an affidavit for the search warrant; that Capt. Gritts was supposed to swear to it.

H. S. Capps testified that he assisted Jones, Lowe, and Lipscomb in the search of the defendants' premises; that he did not make any affidavit, serve any warrant, or make any return, but heard one of the officers say that he had a search warrant, but did not hear him say that it was for this place.

The state rested, and defendants moved to strike all the evidence. Thereupon the prosecution asked and was granted permission to reopen and called Ray-

mond Hoagland, who testified that, as clerk of the municipal criminal court, he searched the records for the affidavit and search warrant in the case now on trial, and has been unable to find any record of the same; that search warrants are filed and entry is made on the appearance docket, but no entry of a search warrant or the return thereto was ever made in this case; that he has no personal recollection of the same in this case.

The defendants again made a motion to strike all the evidence. The motion was overruled. They then moved for a directed verdict, which was overruled.

Several witnesses testified to the good character and reputation of the defendants as law-abiding citizens.

S. E. Ellis testified that for seven years he was engaged in repairing automobile radiators in the city of Tulsa, and never did see any whisky brought into his place of business either before or after this action; that none of the raiding officers showed him a search warrant, but one of the officers said he had one.

A reasonable and lawful search and seizure is provided for in the Constitution by means of a search warrant, supported by oath or affirmation. Const. art. 2, § 30.

The statute provides:

"A search warrant shall not be issued except upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched." Section 2878, C. S. 1921.

It must be taken as settled in this state that evidence obtained by a search of defendant's premises, without authority of law, for the sole purpose of obtain-

ing evidence against him, is in violation of Bill of Rights, § 30, guaranteeing the security of the people in their right to be exempt in their persons, houses, papers, and effects from unreasonable search and seizure. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Russell v. State, 25 Okla. Cr. 423, 221 P. 113; Foster v. State, 27 Okla. Cr. 270, 226 P. 602.

Upon careful examination of the record we are satisfied that the evidence offered by the state tending to prove the guilt of the defendants was incompetent, because all of said evidence was obtained by an illegal search of the premises of the defendants, in that the same was made without a search warrant lawfully issued. The statute provides (section 7009) that, upon complaint or affidavit sufficient to show there is probable cause, a search warrant shall issue, directed to any peace officer in the county, commanding him to search the premises described in such complaint and warrant, and, after executing the same, "to make return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all property and things seized, of the person or persons in whose possession the same were found, if any." It further provides:

"A copy of said warrant shall be served upon the person or persons found in possession of any such liquor, furniture or fixture so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found."

Section 7010 requires that:

"The judge or magistrate shall fix a time, not less than ten days, nor more than thirty days thereafter, for hearing of said return, when he shall proceed to hear and determine whether or not the property and things so seized or any part thereof, were used, or in any manner kept or

possessed by any person within this state, with the intention of violating any of the provisions of this act."

It further provides:

"Upon such hearing the sworn complaint or affidavit, upon which the search warrant was issued, shall constitute prima facie evidence of the contraband character of the property and things seized."

In view of these statutory provisions, and that no proceedings are shown by the records of the court, and in view of the fact that it appears that the trial of this case occurred 17 months after the time the search and seizure was made, we are inclined to think that the witnesses were mistaken as to the fact of having a search warrant. They, as others sometimes do, mistake their imagination for their memory.

The conviction in this case, having no sufficient foundation to support it without the use of evidence which had been unlawfully obtained, must be reversed.

The judgments are reversed and cause remanded, with directions to discharge the defendants.

BESSEY, P. J., and EDWARDS, J., concur.