## W. J. BUCHANNAN v. THE STATE.

No. 13340. Delivered March 5, 1930.
Reported in 25 S. W. (2d) 838.

The opinion states the case.

*Jas. A. Stephens* of Benjamin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.——Possession of potable liquor containing in excess of one per cent of alcohol by volume is the

offense; penalty assessed at confinement in the penitentiary for one year and six months.

The residence of the appellant was searched and a quantity of home-brew beer was found by the officers. Contending that the search warrant was invalid, the testimony of the officers showing the result of the search was opposed by the appellant. It appears from the bill of exceptions that when the search warrant was issued and delivered to the sheriff it was incomplete and was altered by the insertion therein of the initials of the appellant. The affidavit was likewise changed. The alteration was with the verbal consent of the magistrate who issued the warrant. The warrant was invalid. See Cornelius on Search and Seizure, p. 394, sec. 165; Sherow v. State, 290 S. W. 754; 105 Tex. Cr. R. 650.

The testimony of the officers touching the result of the search was inadmissible and improperly received. Art. 727a, C. C. P., 1925; Chapin v. State, 296 S. W. 1095.

Excluding the testimony of the result of the search, there is apparently an absence of evidence touching the contents of the liquid which was possessed by the appellant. There is testimony that a chemist examined two bottles of liquid which he received by mail; that it contained in excess of one per cent of alcohol by volume, but the identity of the liquid which the chemist examined with that possessed by the appellant is not in the record save through the evidence of the sheriff revealing the result of the illegal search. There was other testimony to the effect that the appellant had sold on two or three occasions what was described as "home-brew." There was produced before the jury two or three bottles of liquid which was admitted to have come from the appellant's premises but as to the contents of these bottles there is found no testimony in the record. This court is without judicial knowledge of the alcoholic contents of home-brew. See Bracken v. State, 12 S. W. (2d) 209; Coleman v. State, 18 S. W. (2d) 162; Eubank v. State, 286 S. W. 234.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*