WILL RUNNELLS v. STATE.

No. A-7405.   Opinion Filed May 17, 1930.
(288 Pac. 367.)

C. H. Glazner, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted in the district court of McIntosh county, charged with a second violation of the prohibitory laws of the state, by having in his possession spirituous, fermented, malt, and intoxicating liquor, containing more than one-half of one per cent. alcohol measured by volume and capable of being used as a beverage, and was sentenced to pay a fine of $100 and be confined in the state penitentiary for a term of eighteen months.   From which judgment and sentence defendant has appealed to this court.

Eight errors have been assigned by the defendant, alleged to have been committed by the trial court in his case. Without setting forth the testimony introduced over the objection of the defendant, the only error it is deemed necessary to consider is the sixth assignment, which is as follows:

"Because the affidavit for the search warrant was void on its face, the search warrant issued was illegal, and the search and seizure illegal and void, and in violation of the defendant's constitutional rights."

The statement in the affidavit for the search warrant that is deemed necessary to set out is as follows:

"That in McIntosh county, state of Oklahoma, on the 14th day of March, 1928, the above named defendant, Will Runnells, at his residence, outhouses and premises in the

southeast part of the city of Eufaula, in McIntosh county, did then and there have in his possession," etc.

The description in the search warrant is the same as contained in the affidavit for the search warrant. Section 30, art. 2, Bill of Rights, is as follows:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

By reference to the affidavit it will be noted that the only description in the affidavit and search warrant is, at the defendant Will Runnell's residence, outbuildings, and premises in the southeast part of the city of Eufaula, McIntosh county, Okla., the defendant is violating the prohibition act, by naming the different things the defendant is doing.

It is the contention of the defendant that the description in the affidavit is too indefinite and uncertain to warrant a search of his premises and buildings upon the curtilage of his home.

This court has repeatedly held that the description in the affidavit and the warrant should be sufficiently definite that no discretion is left to the officer making the search.

The description in the warrant before us is not sufficient under any authority we have been able to find. All of the evidence having been obtained under an invalid affidavit for the search and the search warrant, the case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.