HOBSON G. DENMARK v. STATE.

No. A-9755.   April 9, 1941.
(112 P. 2d 437; 113 P. 2d 608.)

James W. Flinn, of Oklahoma City, for defendant.

Mac Q. Williamson, Atty. Gen., and Phil E. Daugherty, Asst. Co. Atty., of Oklahoma City, for the State.

BAREFOOT, P.J. Defendant was charged in the court of common pleas of Oklahoma county with the crime of unlawful possession of intoxicating liquor, to wit, 20 pints of tax-paid liquor; was by agreement tried before the court without the intervention of a jury, was convicted, and sentenced by the court to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

For reversal of this case it is contended that the court erred in overruling the motion of defendant to suppress the search warrant, and that the evidence was insufficient to justify the conviction of defendant. These questions may be considered together. Counsel for defendant filed a written motion to suppress the evidence for the following reasons, to wit:

"(1) That the search warrant, under which the evidence to be adduced was seized, was not obtained by an affidavit as required by law.

"(2) That the subject matter seized by said search warrant was not examined by the officer issuing said search warrant, and no determination made by the magistrate or justice of the peace that said evidence was a violation of the law.

"(3) That said warrant is void, ineffective and of no force and effect for the reason that the same does not state facts sufficient for the search and seizure of the evidence to be adduced and does not properly describe the premises where the search and seizure was made."

When the above motion was presented counsel for defendant stated, "I think it is best to let the motion be overruled at this time." It was by the court overruled, and the defendant excepted. No evidence was offered to sustain the motion, and the search warrant was not introduced in evidence and a copy of the same nowhere appears in the record.

The state offered in evidence to sustain the allegations of the information the testimony of four police officers. They testified that they searched the premises of defendant located at 113 Northeast 10th street in Oklahoma City. One of the officers testified that he had a skeleton key which unlocked the basement door. That in the front part of the building was a paint shop and office. That back of this were living quarters occupied by the defendant, Hobson G. Denmark, and his brother and his wife. It was in two apartments. The basement was under the building occupied by the defendant and his brother. That on the day the premises were searched, December 1, 1938, the defendant was present and accompanied the officers to the basement. That the only property in the basement was a lot of junk consisting of cans and bottles. That no paint was stored there. Upon moving one of the cans the officers found a hole in the floor where was secreted 20 pints of tax-paid whisky. The defendant denied to the officers finding the whisky that it belonged to him, but one of the police officers, C. W. Scott, testified that the defendant said to him: "If I had come on and stayed out of there, they would never found the whisky."

This witness was further asked this question:

"Q. What did he have to say about the whisky business, if anything? A. Oh, nothing, more than that business was very poor and had a lot of hard luck trying to sell it. * * * Q. But on this date, there wasn't anybody there except

Denmark, was there? A. I am positive that there was not; yes, sir."

The defendant when confronted with the whisky by the officers made the statement: "I haven't got the basement, the man that runs the paint company has got it."

The officer then said to defendant:

"Well, I guess we will just take him down," and he (the defendant) said, "Well, he thought we was going to," and he said, "You know it is not his whisky, he is not in the whisky business," and he said, "I will go down with you." That's what happened.

Twenty pints of tax-paid whisky was identified by the officer in charge of the storage room at the county jail as having been turned over to the sheriff's office by the police officers and was introduced in evidence. The defendant did not take the witness stand and offered no evidence. From the above statement it will be seen that the court did not err in finding the defendant guilty.

An attempt is made to question the description in the search warrant, but, as above stated, the defendant did not offer the search warrant in evidence and the same does not appear in the record. The presumption is that all proceedings in a court of record are regular, and the burden is upon him who assails such proceedings to show clearly the irregularities complained of. This burden was not met in the instant case. Lancaster v. State, 2 Okla. Cr. 681, 103 P. 1065; Killough v. State, 6 Okla. Cr. 311, 118 P. 620; Jones v. State, 10 Okla. Cr. 216, 136 P. 182, 137 P. 121; Ables v. State, 35 Okla. Cr. 26, 247 P. 423.

It is also contended that, by reason of defendant's brother and his wife living at the same premises, the search was irregular and did not justify the conviction of defendant. We think from the evidence above quoted that

the same was sufficient to convict the defendant, regardless of the fact that his brother occupied a part of the premises.

For the reasons above stated, the judgment and sentence of the court of common pleas of Oklahoma county is affirmed.

JONES and DOYLE, JJ., concur.

On motion for rehearing. Motion denied.

Mac Q. Williamson, Atty. Gen., and Phil E. Daugherty, Asst. Co. Atty., of Oklahoma City, for the State.

James W. Flinn, of Oklahoma City, for defendant.

BAREFOOT, P. J. Motion for rehearing in this case calls our attention to the fact that there was a stipulation on file signed by the assistant county attorney of Oklahoma county, attorney for defendant, and the judge of the court of common pleas, whereby it was agreed and understood that the court would consider the evidence taken on the motion to suppress the evidence as if the same had been submitted on the trial of the case, and that the original affidavit and search warrant would be made a part of the record and considered by the court in the final hearing of the same. This stipulation and the search warrant were not attached to the case-made, but will now be considered as a part of the record.

It is contended that the decision in the case at bar is in conflict with the former decision of this court rendered on the 18th day of December, 1940 (Denmark v. State, 71 Okla. Cr. 95, 108 P. 2d 550, 551), against this same defendant, and in which the identical premises were searched, and in which case the judgment and sentence of the court of common pleas of Oklahoma county was reversed.

We have carefully examined the record in both cases and find that the facts are materially different. In the first case the intoxicating liquor was not found in or about

the building occupied by defendant, but was found by the officers in an abandoned automobile and also under the steps of a building separate and apart from the premises occupied by defendant and one to which the public had access; that the defendant was not present at the time the liquor was found and made no statement in reference thereto. There was no evidence to show his actual possession of the intoxicating liquor.

In the instant case he was present at the time the search of the premises was made and made statements to the officers which were practically an admission that the liquor found in the basement belonged to him. We have examined the search warrant, and it describes the place to be searched as follows: "A two story frame building and all out-buildings located in the rear of 113 Northeast 10th Street Oklahoma City, Oklahoma County, Oklahoma."

The liquor was found in the basement and a part of the premises above described. It runs in the name of John Doe. As in the former case, we do not think it is the best practice for officers to place the name of John Doe or any other fictitious name in search warrants where the name of the party to be searched is known to the officers, and this practice is condemned, but as stated in the former opinion: "We are not saying that this, within itself, would be reversible error".

The officers testified that the defendant occupied the premises as described in the search warrant. The liquor was found in the basement, and the statements made by defendant to the officers were amply sufficient for the court to find that the intoxicating liquor was in his possession.

We are of the opinion the petition for rehearing should be denied.

JONES, J., concurs. DOYLE, J., absent.