## FRED ALLGOOD v. STATE

No. A-9861.   Oct. 29, 1941.
(118 P. 2d 662.)

W. T. Jeter, of Mangum, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Fred Allgood, was charged in the county court of Greer county, on July 22, 1939, with the unlawful possession of intoxicating liquor, tried, convicted and sentenced to serve 30 days in the county jail and to pay a fine of $100, and appeals to this court.

Defendant contends that the court erred in refusing to sustain his motion to suppress the evidence.

The affidavit for the search warrant and the search warrant, under authority of which the officers went to defendant's premises, stated "that the Northwest Quarter of Section 23, Township Five North, Range 22, W. I. M., Greer County, Oklahoma, including residence, barns, sheds, cribs, dugouts and other out buildings on said lands, are premises and places where John Doe is willfully and unlawfully manufacturing, and keeping, and has in his possession for the purpose of, and is selling, bartering, giving away and otherwise furnishing intoxicating liquors," etc. The search warrant further commanded the officer to "go upon and make due and diligent search in the day or night time of all the above described premises and places."

On the hearing upon the motion to suppress the evidence, the officers stated that they did not know in which house upon this quarter section the defendant lived, and that several families lived upon the quarter section in question.

Three officers, Lester Hawkins, Dick York, and Tom Owen, drove out to the quarter section described in the warrant and stopped in front of a building which formerly had been used as the Mangum Mattress Factory and

recently was moved out to this land. The officers did not know what the building was being used for at the time; however, they thought that it might be a garage. This building was 30 or 40 yards from defendant's house.

Owen went to one of the houses on the described quarter section to inquire about defendant. York and Hawkins went into the mattress factory building through an open door. They were using flashlights. At one end of the building, partially concealed, was some whisky. Defendant appeared, and the search warrant was served upon him. He admitted that the whisky was his.

The trial court held that the search warrant was void, as being a blanket search warrant, but stated that in his opinion no search warrant was necessary since a misdemeanor had been committed in the presence of the officers.

Under the uniform decisions of this court, the search warrant in question is void.

In Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131, 132, it is stated:

"Affidavit for search warrant, describing the place to be searched as a certain section of land, and without naming the owner, is insufficient to furnish the particular description of the place to be searched, where it appeared that the land so designated was owned and occupied by several persons, so that it was in fact several places." Wiese v. State, 32 Okla. Cr. 203, 240 P. 1075; Daniels v. State, 32 Okla. Cr. 426, 241 P. 836.

The officers, under their own testimony, went upon the premises under authority of this void warrant, were looking for whisky, and found it. Defendant claimed the whisky.

In Gore v. State, 24 Okla. Cr. 394, 218 P. 545, it is stated:

"Any articles, papers or property seized by the officers or agents of the court, under color of an unreasonable or unauthorized search and seizure, taken from the home, office, or private premises of one accused of an offense, should not be used as evidence against an accused, where timely objections are made to the introduction of such evidence so illegally obtained." Russell v. State, 25 Okla. Cr. 423, 221 P. 113.

This court held in Ellis v. State, 34 Okla. Cr. 36, 244 P. 831:

"In a prosecution for unlawful possession of intoxicating liquor, defendant cannot be convicted upon evidence obtained by a search and seizure of defendant's premises without a warrant authorizing it, and neither the liquor so seized nor evidence of the possession thereof so acquired is admissible against him."

This case must be reversed because of the inadmissibility of the evidence.

Accordingly, the case is reversed and remanded to the trial court, with instructions to dismiss.

BAREFOOT, P. J., and DOYLE, J., concur.