## INGRAM v. STATE.

No. A-11848.   Feb. 4, 1953.

Rehearing Denied Feb. 25, 1953.

(253 P. 2d 188.)

Al T. Singletary, Perry, and Frank M. Massad, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Granville Scanland, County Atty., Oklahoma County, Oklahoma City, for defendant in error.

POWELL, P. J.   The defendant, Jack Walton Ingram, was charged by information filed in the district court of Oklahoma county with the crime of burglary in the second degree, was tried before a jury, convicted and punishment assessed at confinement in the State Penitentiary for two years. Appeal has been perfected to this court.

But one ground for reversal of the case is advanced, and being:

"The verdict of the jury was a result of passion and prejudice and is not supported by the evidence."

Counsel in brief state:

*"The defendant does not base his appeal on the insufficiency of the evidence,* but, on the contrary, does base his appeal upon the fact that the verdict of the jury was a result of prejudice and that a material right of the defendant has been denied him." (Italics supplied.)

This court has examined the record in detail, and it is determined as a fact that the evidence amply supports the conclusion of the jury that the defendant, a former employee of F. H. Buchanan, burglarized his home while Buchanan and wife were absent on vacation. A number of items of clothing and household goods were recovered.

What we have for consideration is the unique and amazing argument advanced by counsel for the defendant under the specification of error above stated.

In addition to the statement already quoted, counsel argue:

"The court committed error in admonishing and instructing the jury to recess from the hour of 6:00 o'clock p. m. on March 11, 1952, until the hour of 9:00 o'clock a. m., March 12, 1952, *during which time the jury was permitted to separate,* and that being a time after which the case had been submitted to the jury, and before the jury had reached a verdict; *such admonition and instructions on the part of the trial court having been made without the previous knowledge or consent of the defendant,* and which conduct on the part of the trial court and the jury was in violation of the rights of this defendant, and was prejudicial to the defendant." (Italics supplied.)

The Attorney General has filed a motion to dismiss the within appeal on the ground that there is no basis whatever in the record to support the argument advanced and that the statement that the jurors were allowed to separate overnight is purely an unsupported statement of the attorneys. Our attention is called to the fact that counsel may not supplement the record or contradict the same by statements in their brief. We have said that a presumption exists that all proceedings in a court of record are regular, and that the burden is on him who assails such proceedings to show clearly the irregularities complained of. Error must affirmatively appear from the record. It is never presumed. Nowlin v. State, 65 Okla. Cr. 165, 83 P. 2d 601; Denmark v. State, 71 Okla. Cr. 424, 112 P. 2d 437, 113 P. 2d 608; Kennamer v. State, 59 Okla. Cr. 146, 57 P. 2d 646.

The minutes of the clerk of the court made at the commencement and completion of the trial, respectively, read as follows:

"Ent. Comes on for trial, Deft. present in person and by counsel. State present by its Co. Atty., and both sides announce ready. Both sides accept jury, jury sworn to try cause. Opening statement by counsel, 10 witnesses sworn. Evidence introduced. Both sides rest. Court instructs jury, argument by counsel. Jury retires to deliberate and returns to box. Deliberations recessed to 9 A.M. 3-12-52."

By no stretch of the imagination by anyone familiar with jury trials, could it be said that the notation: "Deliberations recessed to 9 A.M. 3-12-52" means that the bailiff having the jury in charge was excused and that the jurors were permitted to separate and go their separate ways until 9 A.M., March 12, 1952. They merely ceased their deliberations, so far as such language suggests.

"Ent. Def. present in court, jury all present in box, jury retires for further deliberation and returns to box with verdict and find the Deft. guilty as charged in the Information and fix and assess his punishment at confinement in the State Penitentiary for a period of two years. Clerk directed to file and record verdict. Jury Discharged. Sentence set for March 18, 1952, at 10 A. M. Deft. remanded to custody of Sheriff."

The fact, if it was a fact, that the jurors actually separated overnight after having commenced deliberations on the case before them would have had to

have been established by extrinsic evidence where the minutes, as above, failed to support a claim contrary to such minutes, and apparently advanced as an afterthought and for the first time on appeal. Such contention as here raised cannot be urged in this court in brief where not raised in the lower court by motion for mistrial, or in arrest of judgment, or in motion for new trial, and then in petition in error filed in this court. The trial court would be entitled to have brought to its attention such alleged irregularities in order that a proper ruling might be made. The questioning of the jurors would have settled such belated and attempted issue. Bennefield v. U. S., 2 Okla. Cr. 44, 100 P. 34, 102 P. 647; Brashears v. State, 38 Okla. Cr. 175, 259 P. 665; Giles v. State, 70 Okla. Cr. 72, 104 P. 2d 975; Washington v. State, 73 Okla. Cr. 81, 118 P. 2d 267.

The specification of error that "The verdict of the jury was a result of passion and prejudice, and is not supported by the evidence" would not suggest to the attentive mind a state of facts or situation as at this late time is attempted to be asserted. Such specifications of error, without more, would keep hidden the matter now brought forth. This court has many times condemned such practice. In the late case of Wingfield v. State, 89 Okla. Cr. 45, 64, 65, 205 P. 2d 320, 331, Judge Brett for this court said, with reference to "laying behind a log":

"We do not feel constrained to make of criminal procedure a game, where the trial court must match wits with the lawyers in an effort to ascertain hidden purposes, which they may not choose to disclose, in order to gain future advanatge." See also Rutherford v. State, 95 Okla. Cr. 311, 245 P. 2d 96.

Presumably counsel were present with their client during all phases of the trial. They should have had personal knowledge of the facts. It is not the practice of attorneys and their clients to get up and move out of court prior to the departure of the jury, and it is the duty of counsel to listen attentively to the remarks and admonitions of the court to the jury, and to object to anything that might violate the statutory or constitutional rights of their client. If the court, in fact, which we cannot conceive of in view of the acknowledged ability and long experience of the trial court in this case, had, after the jury commenced deliberation on the case, directed them to separate overnight, it was the duty of counsel to have become articulate and objected to a matter that all courts know would constitute reversible error. Riddle v. State, 92 Okla. Cr. 397, 223 P. 2d 379; Martin v. State, 92 Okla. Cr. 182, 222 P. 2d 534. It was the counsel's duty to their client and duty to the court, of which members of the bar are officers.

The matter here presented is not one where counsel would be relying on statements of their client or witnesses, and where they might believe their story, however incredulous, but where the minutes of the clerk are presented as the foundation and sole reason for appeal, and such foundation is one of sand, as the minutes do not, as indicated, support the assertion that the jurors were permitted to separate overnight after they had commenced deliberating on the within case. If the minutes were in error, counsel could have easily demonstrated to the court the truthfulness of their position by the evidence of the bailiff or one of the jurors or of any other person knowing the facts, and who would testify favorably to their position. No effort was made to make any such proof. The trial court was afforded no opportunity of exploring the truth of the assertion. We must assume that no such proof existed.

The Attorney General, as stated, contends that the record and the brief filed in defendant's behalf demonstrate that the appeal herein was simply and solely for the purpose of delay. It is pointed out that the full six months allowed by law for perfecting an appeal in a felony case was used.

From a reading of the case-made and briefs, it would seem that surely counsel preparing brief was not present at trial, 'or had opportunity to consult with trial counsel, and this accounts for the nature of the argument here presented. The record discloses no ground for appeal.

The verdict and judgment of the district court of Oklahoma county is affirmed.

JONES and BRETT, JJ., concur.