172 So.2d 678 (1965)
247 La. 553
STATE of Louisiana
v.
Jerry LEE, alias Jerry Nedd, and Elizabeth Johnson.
No. 47482.
Supreme Court of Louisiana.
February 23, 1965.
Dissenting Opinion February 25, 1965.
Rehearing Denied March 29, 1965.
*679 Byron P. Legendre, Harry F. Connick, New Orleans, for appellant.
Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Alvin V. Oser, Asst. Dist. Attys., for appellee.
HAMITER, Justice.
Jerry Lee, alias Jerry Nedd, and Elizabeth Johnson were charged jointly in a bill of information with illegal possession of eleven marijuana cigarettes. Following a trial, Nedd was convicted as charged and sentenced to serve twenty years at hard labor in the state penitentiary. Elizabeth Johnson was found guilty of attempted possession and given a sentence of two and one-half years in the same penal institution. Only Nedd asked for and was granted an appeal.
In this court appellant relies on three perfected bills of exceptions.
Bill No. 1 was taken to the overruling of a motion to suppress (made prior to trial), it being alleged therein that the contraband, with the possession of which the defendant was charged, had been seized through the use of an illegal search warrant. Bill No. 2 was reserved during the course of the trial when the court, over defense objection, permitted the introduction of the same articles previously sought to be suppressed. Bill No. 3 was reserved to the denial of a motion for a new trial which was based on the allegedly improper introduction. Consequently, this appeal presents only the question of whether the search and seizure, by which the state obtained possession of the introduced items, were lawful.
At the outset we notice that the evidence adduced at the hearing of the motion to suppress (as well as that received during the trial) has not been attached to and made part of any of the perfected bills of exceptions, although it is physically in the record. For this reason such evidence cannot be considered (State v. Le-Bleu, 203 La. 337, 14 So.2d 17, State v. Gaines et al., 223 La. 711, 66 So.2d 618, and State v. Watson, La., 170 So.2d 107, and the cases cited therein); the issue involved must be determined only from an examination of the facts as recited in the per curiams of the trial judge (State v. Sullivan, 159 La. 589, 105 So. 631, State v. Cannon, 231 La. 877, 93 So.2d 200, State v. Edwards, 232 La. 577, 94 So.2d 674, City of Monroe v. Sharpe, 235 La. 1005, 106 So.2d 450, State v. Leierer, 242 La. 961, 140 So.2d 375, State v. Howard, 243 La. 971, 149 So.2d 409, and State v. McAllister, 244 La. 42, 150 So.2d 577. See also LRS 15:504).
In the bills of exceptions it is stated that the contraband was seized pursuant to an affidavit and a warrant which originally described the premises to be searched as municipal number 2127 Bienville Street, City of New Orleans; but that prior to the warrant's execution the executing officer telephoned the issuing judge, informed such judge that the address was incorrect, and was granted permission to change the municipal number from 2127 to 2123 Bienville Street. The defendant's contention is that such an amendment violated the fundamental requirements of the law relative to the issuance of search warrants, and it rendered unlawful the search and seizure made pursuant to the amended warrant.
*680 In a per curiam, with regard to this alleged defect in the warrant, the judge states: "* * * the defendant contends that since the affidavit and search warrant were originally issued for 2127 Bienville Street, and that since the Court permitted the officer on the telephone to change the address before executing the warrant that said warrant was void. The testimony on the Motion to Quash revealed that when the officer went to the location of the house described to him he discovered that the house which had been described bore a different number than that which was contained in the application and search warrant; that before executing said warrant, he called Judge Wimberly on the telephone, identified himself as Officer Spako and was given permission by the Judge to change the address on the warrant. Thus, at the time the warrant was executed, the address was correct. It would thus appear this correction was perfectly valid and this contention without merit."
The stated conclusion, in our opinion, is erroneous. The apparently uniform rule is set forth in 79 C.J.S. verbo Searches and Seizures § 82, p. 896, as follows: "Search warrants are of such grave importance that they may be amended, if at all, only by the officer issuing them, and then only in conformity with the affidavits or depositions on which they are based. Thus, a warrant is invalid if it is amended by the executing officers, even on the consent of the issuing officer, or on a telephone communication from him. Moreover, the issuing officer cannot amend the warrant unless the affidavit itself is so amended as to conform to the proposed change or unless the original affiant performs some corporal act which would constitute an oath. * * *" See also Buchannan v. State, 114 Tex.Cr.R. 418, 25 S.W.2d 838 (insertion of initials), United States v. Mitchell et al., D.C., 274 F. 128 (insertion of apartment number before street address), United States v. Constantino, D.C., 201 F.Supp. 160 (change of street number), Cornelius on Search and Seizure, 2d Ed., page 585, and Varon on Searches, Seizures and Immunities, Vol. 1, page 354, et seq. In the cases just mentioned the changes were made with the permission of the issuing magistrate.
The reason for strict adherence to the quoted rule is set forth, at page 354 in the last cited authority, thusly: "There is a valid reason for such rule as it has been established that when a judicial officer issues a warrant, he does so after a determination of probable cause, and is presumed to have examined the affidavits, supporting evidence and complied with all the prerequisites of the mandates of the enacted laws and constitutional authority. To permit the modification of a writ, after it has left the possessive jurisdiction of the judicial officer, and allow a third person to make amendments or corrections thereto, would destroy the spirit and intent of the constitutional and legal import of the instrument. Suffice it to say, that the majority rule of law concerning amendments to search warrants is thus succinctly expressed: Only a judicial officer may issue a search warrant, and the issuance thereof is a judicial function. No one else may have the right to alter, modify, or correct such writ, as in so doing, the judicial authority is usurped."
Also in the Varon text is the following pertinent observation found on page 318: "Under no circumstances should the names, places, descriptions or designations in the search warrant differ than that which has already been established and judicially determined in the affidavit which was the basis of the search warrant. It is conceivable that a search warrant may describe a building to be searched which may be altogether different than the description that was given to the magistrate or issuing authority in the affidavit. It follows therefore that there was no basis or authority for the issuance of the search warrant, as the variance between the two instruments is so divergent that the search warrant must fall." See also Cornelius text page 508, Section 210.
Incidentally, in the instant case it does not appear that the affidavit, originally *681 naming 2127 Bienville Street as the place to be searched, was amended prior to execution of the warrant, the per curiam reciting only that the warrant had been changed. Seemingly, this apparent defect alone would be fatal to the validity of the warrant and the search made thereunder.
Counsel for the state, recognizing the general rule relative to the amendment of search warrants, insists that the facts here distinguish this case from those cited and that they render such rule inapplicable. Counsel details factual occurrences preceding issuance of the warrant to sustain the argument that the action of the executing officer was a typographical correction rather than an amendment. Thus, it is argued: "At the outset of this discussion it must be emphasized that the search warrant here involved was in no way amended by the executing officers. The house which the informer described to Officer Spako over the telephone, the house occupied by Elizabeth and Jerry Nedd, the house which Officers Spako and Lindsay watched on and off for two days, the house which was searchedthis house was located at 2123 Bienville Street. R. 27-28, 32, 36. It was activity at 2123 Bienville Street which the officers described in their Application for Search Warrant, and it was in connection with this residence at 2123 Bienville that Officer Henry Spako took a solemn oath before Judge Wimberly on the night of February 11, 1963. In other words, this is not an instance in which the search warrant describes a particular place to be searched, and the executing officer later amends the description to cover a different place.
"As Officer Spako testified at the hearing of the Motion to Suppress, he had mistaken a 3 for a 7 in reading Nedd's street address during the stakeout and so inserted 2127 rather than 2123 in the application and search warrant when typing them out. He only realized his error on the night of February 11, 1963 when he and Officer Lindsay approached Nedd's dwelling to execute the search warrant, and then immediately telephoned Judge Wimberly, who had signed the warrant a short time before, explained the typographical error to the judge, and received Judge Wimberly's authorization to correct the error in the address, both in the application and in the warrant itself. R. 27-28."
Interesting as this argument may be we cannot give effect to it for the reason that the facts and circumstances relied on do not appear in the judge's per curiams. As heretofore shown we are unable to consider the portions of the transcribed testimony referred to by counsel.
In a supplemental brief filed in this court the state urges that the amendment could not invalidate the warrant because it would have been valid without any specific municipal number; that is, that it would have been sufficient if the place to be searched had been described as "the apartment of Jerry Nedd, in the 2100 block of Bienville Street, N. O., La., or simply on Bienville Street, N. O., La.," (In this connection the judge's per curiam states that the address on the affidavit was 2123 Bienville Street, New Orleans, Louisiana, front left apartment of Jerry Nedd, but it does not show when the change from the original and admittedly incorrect number of 2127 was made.)
We have grave doubts that either of the state's suggested descriptions in a large and densely populated municipality, as is the City of New Orleans, would be sufficient to fulfill the requirements of Article I, Section 7 of the Louisiana Constitution, as well as of the Fourth Amendment to the United States Constitution, that the place to be searched be described particularly. See Herrion v. State, 79 Okl.Cr. 48, 150 P.2d 865 (under the description the residence of the named defendant would have been one of five houses), United States v. Kozman, 267 F. 866 (the warrant described the premises of William Kozman, 123 Garfield Street, but failed to designate whether it was North or South Garfield), United States v. Alexander, 278 F. 308 (describing the place to be searched as being "at the corner Davis and Ashley Street, * * * *682 the premises" of the named defendant), and Runnels v. State, 47 Okl.Cr. 352, 288 P. 367. A decision such as State v. Leonard, 162 La. 357, 110 So. 557 (see also 79 C.J.S. verbo Searches and Seizures, § 75b, p. 878), wherein a less specific description is permitted because the small size of the town involved makes a place readily identifiable to the executing officers by reference only to the name of the occupant, would seem to be inapplicable in a city the size and composition of New Orleans.
But be that as it may, the argument offered by the state in its supplemental brief is untenable for the reason that, in this case, such a general description was not given. The warrant directed the search of a specific, incorrect municipal number. Under no circumstances could it be held that an officer with such a warrant could take it upon himself to enter and search premises located at another number.
Since the herein involved warrant (as amended) was invalid, the search and seizure made pursuant thereto were unlawful. And it follows that, under the decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933, the trial court committed reversible error in permitting the fruits of the illegal search and seizure to be introduced into evidence.
For the reasons assigned the conviction and sentence of appellant are annulled and set aside, and he is granted a new trial to be held in a manner not inconsistent with the views hereinabove expressed.
SUMMERS, Justice (dissenting).
The marijuana cigarettes and narcotic paraphernalia are found to be inadmissible by the majority because the executing officer corrected a typographical error in the warrant with the permission of the issuing judge. This strict and narrow interpretation of the law may have been supportable in this case if the warrant had described the premises by street and municipal number only. But here the warrant described the premises to be searched in more detail. It reads: "2132 BIENVILLE STREET, NEW ORLEANS, LA. FRONT LEFT APARTMENT OF JERRY NEDD."
The change in the house number from 2127 to 2123", therefore, did not destroy the particularity of the description of the premises to be searched. For even with a different number, no officer making the search could have any doubt but that it was the Front left apartment of Jerry Nedd in the 2100 block of Bienville Street in New Orleans which was authorized to be searched, and none other, regardless of the house number. Thus, the test of particularity is satisfied for there can be no doubt in the minds of the officers executing the warrant as to the premises to be searched. Story v. State, 74 Okl.Cr. 337, 126 P.2d 103 (1942). Nice and technical descriptions are not as a rule required by law, United States v. Quantity of Extracts, Bottles, etc., 54 F.2d 643 (S.D.Fla.1931). Furthermore, as the application for this search warrant clearly and unequivocally shows, the officers conducted a surveillance of this very address, and Nedd and two other users of marijuana, Adam Lawrence and Sanford Green, were previously seen at this address engaged in what appeared to the officers to be narcotic transactions.
This is not a case where a search warrant is issued for one address, without naming the person whose premises are to be searched, and the executing officers change the municipal number without the judge's permission to another address involving entirely different premises, such as the cases relied upon by the majority. Buchannan v. State, 114 Tex.Cr.R. 418, 25 S.W.2d 838 (1930); United States v. Mitchell, 274 F. 128 (N.D.Cal.1921). In the case at bar the apartment of Jerry Nedd on Bienville Street is the apartment which had been kept under surveillance, it is the apartment about which the officers had received information concerning narcotic traffic and it is the apartment which was in fact searched and where the marijuana and narcotic paraphernalia were in fact found.
*683 United States v. Wroblewski, 105 F.2d 444 (7th Cir. 1939).
What the court does by its decision today is to deprive the State forever of the evidence thus obtained. It can never be used to prosecute this defendant, concerning whose guilt there is no doubt.
This super technical concern for the accused in such cases is not only an unrealistic application of the law, but it imposes a perfectionist requirement upon police officers who are only human. If continued, this judicial attitude will have the practical effect of shielding from prosecution many of these obnoxious criminals who would contribute so immeasurably to the deterioration of our society.
I respectfully dissent.