Bobby Ray FOSTER, Petitioner,

v.

Ray PAGE, Warden, Oklahoma State Penitentiary; District Court of Pottawatomie County, and The State of Oklahoma, Respondents.

No. A–14130.

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1966.

Bobby Ray Foster, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

Bobby Ray Foster has filed in this Court his petition for writ of habeas corpus, seeking his release from confinement in the State Penitentiary.

In his petition, petitioner alleges that he is presently serving a sentence of eighteen months under a judgment and sentence of the district court of Pottawatomie County, wherein he was charged with child abandonment, after former conviction of felony.

This petitioner admits that he entered a plea of guilty to the charge against him; that he did not request the Court to appoint counsel to represent him; that he did not give notice of intention to appeal; and that he did not request a casemade at the expense of the county. He states that he is being held in custody unlawfully for the reason that he was never informed of his rights by "any law officer, or officer of the court."

.The Attorney General has filed a demurrer to the petition, and attaches thereto a copy of the judgment and sentence, which shows that petitioner entered his plea of guilty after having affirmatively waived his right to counsel, and having been fully advised of his rights, and the effect of a plea of guilty. There is also attached to the response a copy of petitioner's prison record, which shows that the petitioner is 36 years of age, and that he is now serving his fifth term in the penitentiary, which would indicate that this petitioner was not wholly unfamiliar with court procedure.

This Court has held many times that in a habeas corpus proceeding, the Court is limited in its inquiry to questions pertaining to the jurisdiction of the trial court. In the instant matter, the trial court had jurisdiction of the crime charged, jurisdiction of the defendant, and authority to pronounce the judgment and sentence. Further, it must be taken as settled in this State that every presumption favors the regularity of the proceedings had in the trial court, and that the burden is on him who assails such proceedings to show clearly the irregularities complained of. Ingram v. State, 96 Okl.Cr. 287, 253 P.2d 188; Denmark v. State, 71 Okl.Cr. 424, 112 P.2d 437, 113 P.2d 608; Nowlin v. State, 65 Okl.Cr. 165, 83 P.2d 601.

The Court finds no substantial merit to any of the matters alleged by petitioner.

The demurrer of the respondents is sustained, and the cause dismissed.

BUSSEY, P. J., and NIX, J., concur.